# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

FILED
2010 APR 22 P 2: 37

VENUE: SAN FRANCISCO

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CR 10 0328

UNITED STATES OF AMERICA,

V.

LAMART NICHOLSON,

DEFENDANT(S).

---

# INDICTMENT

18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm
18 U.S.C. § 922(k) - Possession of a Firearm with Altered or Obliterated Serial Number
18 U.S.C. § 924(c)(1)(a) - Using and Carrying a Firearm in Connection with a Drug Trafficking Crime
21 U.S.C. § 841(a)(1) & (b)(1)(A)(iii) - Possession with Intent to Distribute Cocaine Base in the Form of Crack
21 U.S.C. § 841(a)(1) & (b)(1)(C) - Possession with Intent to Distribute Cocaine

---

A true bill.

_____Lynda Benjamin_____
Foreman

Filed in open court this __22__ day of __April, 2010__

_____
Clerk

ADA Yiu

Bail, $ _No bail warrant_

_____Bernard Zimmerman_____
BERNARD ZIMMERMAN

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

**BY:** ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

See attached.

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

**PENALTY:** See attached.

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
2010 APR 22 P 2:36
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT

**DEFENDANT - U.S**
▶ LAMART NICHOLSON

**DISTRICT COURT NUMBER**
CR 10 0328 JSW

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FBI, Jon Dubin

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  JOSEPH P. RUSSONIELLO
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  WILLIAM FRENTZEN

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ n/a
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction        } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes    } If "Yes" give date filed
been filed?    ☐ No

**DATE OF ARREST** ▶  Month/Day/Year _____
Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

**PROCESS:**
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

PENALTIES: LAMART NICHOLSON

COUNTS ONE AND TWO: FELON IN POSSESSION OF A FIREARM; POSSESSION OF A FIREARM WITH ALTERED OR OBLITERATED SERIAL NUMBER

NOT MORE THAN 10 YEARS IMPRISONMENT, $250,000 FINE, 3 YEARS SUPERVISED RELEASE, $100 SPECIAL ASSESSMENT


COUNT THREE: USING AND CARRYING A FIREARM IN CONNECTION WITH A DRUG TRAFFICKING CRIME

AT LEAST FIVE YEARS CONSECUTIVE TO ANY SENTENCE IMPOSED FOR COUNTS FOUR AND FIVE, $250,000 FINE, 3 YEARS SUPERVISED RELEASE, $100 SPECIAL ASSESSMENT


COUNT FOUR: POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE IN THE FORM OF CRACK

NOT LESS THAN 10 YEARS AND UP TO LIFE IMPRISONMENT, $4,000,000 FINE, NOT LESS THAN 5 YEARS SUPERVISED RELEASE, $100 SPECIAL ASSESSMENT

AFTER A PRIOR CONVICTION FOR A FELONY DRUG OFFENSE, NOT LESS THAN 20 YEARS AND UP TO LIFE IMPRISONMENT, $8,000,000 FINE, NOT LESS THAN 10 YEARS SUPERVISED RELEASE, $100 SPECIAL ASSESSMENT


COUNT FIVE: POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE IN THE FORM OF CRACK

NOT MORE THAN 20 YEARS IMPRISONMENT, $1,000,000 FINE, NOT LESS THAN 3 YEARS SUPERVISED RELEASE, $100 SPECIAL ASSESSMENT

AFTER A PRIOR CONVICTION FOR A FELONY DRUG OFFENSE, NOT MORE THAN 30 YEARS IMPRISONMENT, $2,000,000 FINE, NOT LESS THAN 6 YEARS SUPERVISED RELEASE, $100 SPECIAL ASSESSMENT

1 | JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

FILED
2010 APR 22 P 2: 36
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CR 10 0328 JSW

UNITED STATES OF AMERICA, ) No.
)
v. ) VIOLATIONS: 18 U.S.C. § 922(g)(1) –
) Felon in Possession of a Firearm; 18 U.S.C.
LAMART NICHOLSON, ) § 924(c)(1)(a) – Using and Carrying Firearm
) in Connection with a Drug Trafficking
Defendant. ) Crime; 21 U.S.C. § 841(a)(1) &
) (b)(1)(A)(iii) – Possession with Intent to
) Distribute Cocaine Base in the Form of
) Crack; 21 U.S.C. § 841(a)(1) & (b)(1)(C) –
) Possession with Intent to Distribute Cocaine

SAN FRANCISCO VENUE

INDICTMENT

The Grand Jury charges:

COUNT ONE

On or about April 3, 2010, in the Northern District of California, the defendant,

LAMART NICHOLSON,

having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, described as: a Glock 23 .40 S&W caliber semi-automatic pistol, serial number DLS647, a Glock 23 .40 S&W caliber semi-automatic pistol, serial number FBG243, a Glock 22 .40 S&W caliber semi-automatic pistol, serial number DLN989, and a Glock 21, .45 ACP caliber semi-automatic pistol, with the serial number

obliterated, altered and removed, in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT TWO

On or about April 3, 2010, in the Northern District of California, the defendant,

LAMART NICHOLSON,

did knowingly possess a firearm, described as: a Glock 21, .45 ACP caliber semi-automatic pistol, which had the importer's and manufacturer's serial number removed, obliterated and altered and which had been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(k).

COUNT THREE

On or about April 3, 2010, in the Northern District of California, the defendant,

LAMART NICHOLSON,

did knowingly use and carry firearms, that is, a Glock 23 .40 S&W caliber semi-automatic pistol, serial number DLS647, a Glock 23 .40 S&W caliber semi-automatic pistol, serial number FBG243, a Glock 22 .40 S&W caliber semi-automatic pistol, serial number DLN989, and a Glock 21, .45 ACP caliber semi-automatic pistol, with the serial number obliterated, altered and removed, during and in relation to a drug trafficking offense for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute cocaine base in the form of crack cocaine, as charged in Count Four of this Indictment, and possession with intent to distribute powder cocaine, as charged in Count Five of this Indictment, and, in furtherance of those drug trafficking offense, did knowingly possess the firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

///

///

///

INDICTMENT　　　　　　　　　　　　　　　　2

1 COUNT FOUR

2 On or about April 3, 2010, in the Northern District of California, the defendant,

3 LAMART NICHOLSON,

4 did knowingly and intentionally possess with intent to distribute a Schedule II controlled
5 substance, to wit, 50 grams or more of cocaine base in the form of crack, in violation of Title 21,
6 United States Code, Sections 841(a)(1) and (b)(1)(A)(iii).

7

8 COUNT FIVE

9 On or about April 3, 2010, in the Northern District of California, the defendant,

10 LAMART NICHOLSON,

11 did knowingly and intentionally possess with intent to distribute a Schedule II controlled
12 substance, to wit, cocaine powder, in violation of Title 21, United States Code, Sections
13 841(a)(1) and (b)(1)(C).

14

15 FORFEITURE ALLEGATION: (21 U.S.C. § 853)

16 1. The allegations of Counts Four and Five of this Indictment are realleged and
17 incorporated herein.

18 2. Upon conviction of the offense alleged in Counts Four and Five above, the
19 defendant shall forfeit to the United States all property constituting and derived from any
20 proceeds the defendant obtained, directly or indirectly, as a result of said violations, and any
21 property used, or intended to be used, in any manner or part, to commit, or to facilitate the
22 commission of said violations.

23 3. If, as a result of any act or omission of the defendant, any of said property
24     a. cannot be located upon the exercise of due diligence;
25     b. has been transferred or sold to or deposited with a third person;
26     c. has been placed beyond the jurisdiction of the Court;
27     d. has been substantially diminished in value; or
28     e. has been commingled with other property which without difficulty cannot

INDICTMENT           3

subdivided; any and all interest defendant has in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States.

All in violation of Title 21, United States Code, Sections 853(a)(1), (a)(2), and (p).

DATED: April 22, 2010

A TRUE BILL.

*Lynda Benjamin*
FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

*[signature] for*
BRIAN J. STRETCH
Chief, Criminal Division

(Approved as to form: _____
AUSA William Frentzen

INDICTMENT    4